United States District Court
Southern District of Texas
FILED
OCT 27 2022
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANDRES LUCERO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 7:22-MC-134 |
| | § | |
| REBECCA CANCHOLA, | § | |
| | § | |
| Defendant. | § | |

## **REPORT AND RECOMMENDATION**

Plaintiff Andres Lucero, proceeding pro se, initiated this miscellaneous action seeking to file a civil lawsuit based primarily on fraud. (Docket Nos. 2, 3.) Plaintiff's primary claim is that Defendant "stole" his home, sold it without his consent, and has failed to pay him "$8,000 from the sale of [his] home." (Docket No. 2, at 4.) He also alleges that Defendant is in fraudulent possession of his "personal vehicle" and "tractor-trailer," and he requests that they be "relinquish[ed]" to him. (Docket No. 3, at 4.) Plaintiff argues that his lawsuit should "proceed by the virtue of the [42 U.S.C. §] 1983 civil statutes," as well as the Texas Penal Code and the Texas Government Code. (*See* Docket No. 2, at 1-4.)

However, Plaintiff's filing appears deficient in numerous ways, including his failure to pay the $402 filing fee required to proceed with this action. In addition, Plaintiff's proposed action appears to lack a proper basis for subject matter jurisdiction. To make matters worse, Plaintiff failed to fully comply with a court order directing him to correct the deficiencies.

As discussed below, Plaintiff has failed to prosecute this action, including failing to fully respond to a court order and failing to correct his deficiencies. As such, the undersigned recommends that this action be dismissed.

## **I. BACKGROUND**

In July 2022, Plaintiff initiated this action seeking to file a civil lawsuit based primarily on fraud and/or theft, which was opened as a miscellaneous action because Plaintiff failed to pay the required $402 filing fee.[1] As noted, Plaintiff's primary claim appears to be that Defendant "stole" his home, sold it without his consent, and has failed to pay him "$8,000 from the sale of [his] home." (Docket No. 2, at 4.) In addition, he alleges that Defendant is in fraudulent possession of two of his vehicles and he requests that they be returned to him. (Docket No. 3, at 4.) As relief, Plaintiff seeks (primarily) monetary compensation of various amounts; including $8,000, $100,000, or "two and a half million dollars." (Docket No. 2, at 7-8.) Plaintiff argues that his lawsuit should "proceed by the virtue of the [42 U.S.C. §] 1983 civil statutes," as well as the Texas Penal Code and the Texas Government Code.[2] (*See* Docket No. 2, at 1-4.)

However, Plaintiff's filing appears deficient in numerous ways, including his failure to pay the $402 filing fee required to proceed with this action. In addition, Plaintiff's proposed action appears to lack a proper basis for subject matter jurisdiction. Rather bizarrely, Plaintiff argues that "[j]urisdiction is proper in that the aforementioned cause has to do with theft, bank fraud in the highest degree and ***the murder of an attorney in Mexico***." (Docket No. 3, at 2 (emphasis added).)

In any event, on August 24, 2022, the Court held a Status Conference alerting Plaintiff to the numerous deficiencies. Notably, the Court informed Plaintiff that the basis for subject matter jurisdiction was unclear and that Defendant had yet to be served with the lawsuit. (*See* unnumbered Minute Entry dated August 24, 2022.) As such, the Court entered an order directing

---

[1] Plaintiff did however file an "Application to Proceed Without Prepayment of Fees and Affidavit," in which he asserts he is unemployed, and that he has no money or assets of any kind. (Docket No. 1.)

[2] In his pleadings, Plaintiff also refers to the U.S. Constitution, "Vernon's Ann. C.C.P. Articles," the "Code Construction Act," the "Intelligence Identity Protection Act," and the "Provisions Act." (Docket No. 2, at 3; Docket No. 3, at 1-2.)

2

Plaintiff to correct his deficiencies. Specifically, Plaintiff was ordered to "file an amended pleading within 30 days . . . in which he shall clarify what relief he is seeking, the grounds on which he claims to be entitled to such relief, as well as the basis for federal subject matter jurisdiction." (Docket No. 5.)

Plaintiff filed a timely response. (Docket No. 6 (filed on September 7, 2022).) However, he did not fully comply with the Court's order because he failed to address the deficiencies in his proposed civil action. (*Id.*) Specifically, in his response Plaintiff stated that "in 2004 [he] was attacked with a machete and [his] hands were severed off." (*Id.*) He also asserted that "a man by the name of Ray Diaz has been stalking [him] and [his] family for one year, holding a <u>knife and gun</u> to [his] girlfriend and [his] family." (*Id.* (emphasis in original).) Plaintiff has taken no further action in this case.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Plaintiff has wholly failed to correct the numerous deficiencies in his original pleading. As Plaintiff was repeatedly informed, the federal basis for subject matter jurisdiction

based on his claims remains unclear.[3] *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) ("[A] court *sua sponte* must raise the issue if it discovers it lacks subject matter jurisdiction."). To make matters worse, he also failed to comply with the Court's order that both highlighted his deficiencies and directed him to correct them.[4]

Put simply, this action should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee). It appears that no lesser sanction is available since Plaintiff failed to comply with the Court's order, there appears to be no proper basis for subject matter jurisdiction, and Plaintiff has taken no further action in this case.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

---

[3] In fact, many of Plaintiff's claims are quite fantastical. (*See* Docket No. 3, at 2; Docket No. 6.)

[4] Although Plaintiff filed an "Application to Proceed Without Prepayment of Fees and Affidavit," the fact remains that he has failed to pay the filing fee and has failed to effectuate service of process in this action.

4

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 27, 2022.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE